IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| CHRISTOPHER HUDSON, | : |
| Petitioner, | : NO. 3:11-CV-110 (CAR) |
| VS. | : |
| GREGORY MCLAUGHLIN, | : Proceedings Under 28 U.S.C. §2254 |
| Respondent. | : Before the U.S. Magistrate Judge |

**RECOMMENDATION**

Respondent Gregory McLaughlin has filed a Motion to Dismiss the above-captioned petition, alleging that the petition is untimely according to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. §2244(d). Doc. 11. As the petition was filed outside the applicable limitations period, and because Petitioner has failed to show any cause for tolling the limitations period, it is **RECOMMENDED** that the petition be **DISMISSED**.

FACTUAL AND PROCEDURAL HISTORY

On May 1, 1995, in the Clarke County, Georgia Superior Court, Petitioner Christopher Hudson entered a negotiated guilty plea to malice murder, for which he was sentenced to life imprisonment without parole; and armed robbery, for which he was sentenced to life imprisonment. On June 25, 2008, Petitioner filed a state habeas corpus petition. Petitioner's request for relief was denied on May 18, 2010. Petitioner's subsequently-filed application for a certificate of probable cause to appeal was denied on May 16, 2011. On August 9, 2011, Petitioner executed the instant federal habeas corpus petition in this Court. Doc. 1.

LEGAL STANDARDS

The AEDPA sets forth a one (1) year period of limitations for filing an application for a writ of habeas corpus for a person in custody pursuant to the judgment of a state court. 28 U.S.C. §2244(d)(1). This limitations period begins to run on the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. In calculating the limitations period, courts do not count any time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

DISCUSSION

The convictions under attack in the instant action became final no later than May 31, 1995, nearly a year before the April 24, 1996 enactment of the AEDPA.[1] In this circuit, petitioners whose convictions became final prior to April 24, 1996 have been afforded a one year grace period

---

[1] May 31, 1995 was the date upon which the thirty-day time for filing a notice of appeal pursuant to O.C.G.A. § 5-5-38 expired. Under Georgia law, there is "no unqualified right" to a direct appeal from a guilty plea conviction; such appeals will lie only for issues which can be resolved from the face of the record. Smith v. State, 266 Ga. 687, 470 S.E.2d 436 (1996). Had Petitioner Hudson elected to pursue such an appeal, he had 30 days from his May 1, 1995 guilty plea in which to file a notice of appeal. Because he did not do so, his convictions became final on May 31, 1995.

following the enactment of the AEDPA in which to file a timely federal petition.[2]  Petitioner therefore had until April 24, 1997, to file his federal petition or to toll the limitations period by filing a state collateral attack.  Petitioner did neither.  Petitioner's state habeas corpus petition was not filed until June 25, 2008, more than a decade after the limitations period had expired.  As such, Petitioner's subsequently-filed 28 U.S.C. §2254 petition for habeas corpus relief in this Court is untimely.

Although Petitioner maintains that he is entitled to equitable tolling, he has failed to demonstrate that equitable tolling is appropriate in this case.  Under very limited circumstances, the doctrine of equitable tolling allows a district court to review a petition if it was filed out of time because of "extraordinary circumstances that [were] both beyond [the petitioner's] control and unavoidable even with diligence."  Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999).  The petitioner bears the burden of proving the circumstances that justify the use of equitable tolling.  Drew v. Department of Corrections, 297 F.3d 1278, 1286 (11th Cir. 2002).  If the petitioner does not demonstrate that he meets the necessary criteria, he is not eligible for equitable tolling.  Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004).

Petitioner argues that he is entitled to equitable tolling because he was unable to secure a copy of his guilty plea transcript until June 2008.  Petitioner contends that he made numerous written and oral requests for a copy of the transcript, beginning in July 1995.  Without access to this transcript, Petitioner contends that he was unable to file his state habeas corpus petition. Petitioner filed his state habeas petition on June 25, 2008, in the Superior Court of Macon County.  The court denied the petition on the merits in a written order entered on May 18, 2010.  The Supreme Court

---

[2] See Wilcox v. Florida Department of Corrections, 158 F.3d 1209, 1211 (11th Cir. 1998).

of Georgia rejected Petitioner's application for certificate of probable cause to appeal on May 16, 2011.

Petitioner has failed to show that the alleged delay in producing a transcript prevented him from filing a timely collateral attack. Even in the absence of a transcript, Petitioner had adequate information to prepare a timely habeas petition. In both of his habeas petitions, Petitioner raised the same two grounds for relief. In the first ground, Petitioner claims that his conviction was obtained through a guilty plea that was not entered knowingly and voluntarily. In the second, Petitioner alleges that he received ineffective assistance of plea counsel. In support of both grounds, Petitioner relies upon the assertion that "at no time during the guilty plea proceeding" did the court or his attorney inform him that, by pleading guilty, he was "waiving the privilege against compulsory self incrimination and also the right to the presumption of innocence." See Petition, Doc.1 and Resp. Exhibit 2, Doc.12-2.

It is undisputed that Petitioner was present at all times during his guilty plea proceedings. Because Petitioner was present for the proceedings, Petitioner could have raised the alleged grounds for relief without reference to a transcript of the proceedings. Petitioner has therefore failed to meet his burden of proving the existence of the sort of extraordinary circumstances contemplated by the doctrine of equitable tolling.

CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

In this case, there has been no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the district court should deny a certificate of appealability in its final order.

Pursuant to § 2254 Rule 11(a): "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this Recommendation.

Accordingly, **IT IS RECOMMENDED** that Respondent's Motion to Dismiss be **GRANTED**, the instant § 2254 petition for writ of habeas corpus be **DISMISSED** with prejudice, and that a certificate of appealability be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof. The Clerk is directed to serve Petitioner at the last address provided by him.

**SO RECOMMENDED**, this 13th day of April, 2012.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge