**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER HUDSON,** | : | |
| | : | |
| **Petitioner,** | : | **CASE NO.** |
| **v.** | : | **3:11-CV-110 (CAR)** |
| | : | |
| **GREGORY MCLAUGHLIN,** | : | |
| | : | |
| **Respondent.** | : | |

_____

**ORDER ON THE RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

Currently before the Court is United States Magistrate Judge Charles H. Weigle's

Recommendation [Doc. 15] that Petitioner Christopher Hudson's petition for writ of

habeas corpus be dismissed as untimely according to the provisions of the

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d).

Petitioner filed an Objection to the Recommendation [Doc. 16].  Having considered

Petitioner's Objection and having reviewed the matter de novo, this Court agrees with

the findings and conclusions of the Magistrate Judge.

Petitioner objects to the Magistrate Judge's conclusion that he is not entitled to

equitable tolling.  His objection, however, simply restates arguments made in his

original § 2254 petition.  Petitioner again asserts that he was unable to file his state

habeas corpus petition until he received a transcript of his guilty plea proceedings in

June 2008, which was over ten years after the AEDPA limitations period expired.  He refers to the Magistrate Judge's conclusion that he could have sought relief without the transcript as "wholly illogical." [Doc. 16, p. 3].  Nevertheless, Petitioner does not elaborate on this argument and he fails show that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way to prevent timely filing. Holland v. Florida, --- U.S. ---, 130 S. Ct. 2549, 2562 (2010) (citation omitted).

As explained by the Magistrate Judge, it is undisputed that Petitioner was present during his guilty plea proceedings in May 1995, and thus he "could have raised the alleged grounds for relief without reference to a transcript of the proceedings." [Doc. 15, p. 4].  Accordingly, the Report and Recommendation [Doc. 15] is hereby **ADOPTED** and **MADE THE ORDER OF THIS COURT.**  Defendant Gregory McLaughlin's Motion to Dismiss [Doc. 11] is **GRANTED.**  Because it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right, a certificate of appealability is **DENIED.**

SO ORDERED, this 7th day of May, 2012.


S/  C. Ashley Royal
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

AES